IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CR-30166-001-MJR |
| | ) | |
| SELENA BRADFORD, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION
TO DEFER RESTITUTION PAYMENTS**

REAGAN, District Judge:

By November 2009 indictment as superseded in February 2010, Selena Marie Bradford was charged with aggravated identity theft, conspiracy to commit mail fraud and bank fraud, misuse of a social security number, and access device fraud. Bradford entered a guilty plea before the undersigned District Judge in May 2010, and sentencing was set for September 8, 2010. On that date, the undersigned sentenced Bradford to a total of 132 months in prison, a 5-year term of supervised release, a $700 special assessment, and $122,943.72 in restitution. Judgment was entered accordingly on September 9, 2010 (see Doc. 33). Bradford appealed.

On February 17, 2011, the United States Court of Appeals for the Seventh Circuit rejected Bradford's arguments (including an argument that the property she forfeited to the United States should be used to offset what she owed in restitution) and dismissed her appeal. The mandate was issued March 11, 2011.

Three days later, Bradford filed a pro se "Motion to Defer Restitution And/Or Fine Payments" (Doc. 50). Bradford explains that she is incarcerated at FPC-Bryan, and the facility uses the Bureau of Prisons "Inmate Financial Responsibility Program" (IFRP) to collect restitution payments from inmates. Enrolled in the IFRP since her arrival at FPC-Bryan and drawing meager pay as an orderly in the horticulture department, Bradford complains that the program works a hardship on her – "imposing a psychological burden in addition to the financial burden" by depriving her of funds she needs to purchase "items for basic clothing, hygiene and sanitation" as well as stamps and phone calls (Doc. 50, p. 2).

Relying on 18 U.S.C. § 3572(d)(2), Bradford asks this Court to amend the judgment "to reflect that payments collected through the FRP are deferred until the Petitioner is released from prison and begins her term of supervised release" (*id.*). Clearly, though, § 3572(d)(2) does not authorize the relief sought by Bradford. Section 3572(d)(2) provides that a person sentenced to pay restitution:

> shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule.

Section 3572 primarily governs the Court's *imposition of sentence*. It sets out factors the sentencing judge must consider when deciding whether to impose a fine, precludes the imposition of a fine that would impair the defendant's ability to make restitution, and outlines the timetable and methods of payment the Judge can impose

for a fine or restitution.  Subsections (h) and (i) of § 3572 address delinquent fines and restitution payments.  Nothing in § 3572 empowers the sentencing judge to direct or oversee the BOP's administration of the IFRP.

The law of this Circuit discloses that participation in the IFRP is *voluntary*. It may not be compelled by the sentencing court or the BOP.  ***See United States v. Boyd*, 608 F.3d 331, 334-35 (7th Cir.)(participation in IFRP remains voluntary but inmates who decline to participate may lose privileges identified in 28 C.F.R. § 545.11(d))**, *cert. denied*, **131 U.S. 647 (2010).**

As the Government correctly points out (Doc. 52, p. 1), Defendant Bradford apparently *chose* to participate in the IFRP, she was not forced to do so, and she enjoys certain benefits from her participation.  This Court has no jurisdiction to supervise the BOP's administration of that program or (by amending the judgment) direct the BOP to adhere to a different schedule of restitution payments.  The United States Court of Appeals for the Seventh Circuit stressed in ***United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008)(emphasis added)**:

> [T]he Bureau of Prisons' authority rests on statutes, and any delegation is from the President and the Attorney General rather than a judge….
> Because a prisoner's earnings while in custody depend on the Bureau of Prisons, as well as the prisoner's co-operation with its programs, it is not clear what payment schedule a court could set if it wanted….
> **Prison earnings and other transactions concerning trust accounts are … "completely within the Bureau of Prisons' control…."**

Similarly, Chief Judge Herndon of this District Court held last year, because a defendant's "fine payment amounts are determined through the IFRP [and] managed by Bureau of Prisons personnel and not the Court, the Court is without authority to order any amendment to the IFRP's guidelines through an amendment of Defendant's judgment." *United States v. Fuller*, -- F.Supp.3d --, 2010 WL 2757493, *1 (S.D. Ill. July 13, 2010). *See also United States v. Sloan*, 505 F.3d 685, 698 (7th Cir. 2007)(A restitution order is part of the defendant's sentence and can be challenged on direct appeal but not later).

The undersigned District Judge likewise concludes that this Court lacks jurisdiction to halt or defer IFRP payments via amendment of the judgment herein. Accordingly, the Court **DENIES** Defendant Bradford's motion (Doc. 50).

IT IS SO ORDERED.

DATED March 17, 2011.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge